# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO R. RUIZ,<br><br>         Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>         Defendant. | CASE NO. 10cv500-MMA(BLM)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 10] |

  Plaintiff Mario R. Ruiz filed this action on February 25, 2010 in the Superior Court of the State of Calfiornia for the County of San Diego against Defendants Bank of America, N.A., JP Morgan Chase, and California Reconveyance Company. On March 9, 2010, Defendant timely and properly removed the case to this Court. On May 3, 2010, Plaintiff filed a First Amended Complaint ("FAC"). Defendants move to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed no opposition to the motion. For the following reasons, the Court **GRANTS** Defendants' motion.

## DISCUSSION

  This action arises from foreclosure-related events with respect to Plaintiff's home. The property in dispute is identified as 683 Cocopah Street, Vista, California, 92083. Plaintiff's FAC states six causes of action against Defendants: (1) fraudulent omission; (2) violation of California's Unfair Competition Laws; (3) breach of contract; (4) breach of the covenant of good faith and fair dealing; (5) violation of California Civil Code sections 2932.5, et al.; and (6) rescission pursuant to

1  California Civil Code section 1632.  Defendants move to dismiss all causes of action pursuant to
2  Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  Plaintiff filed no
3  opposition to the motion, nor did he request an extension of time in which to do so.

4  The Ninth Circuit has held a district court may properly grant an unopposed motion to
5  dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a
6  motion for failure to respond.  *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).
7  Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner
8  required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion
9  or other ruling by the court."  As such, the Court has the option of granting Defendants' motion on
10 the basis of Plaintiff's failure to respond, and it chooses to do so.

11 Generally, public policy favors disposition of cases on their merits.  *See, e.g., Hernandez v.*
12 *City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, a case cannot move forward toward
13 resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule
14 12(b)(6) motion.  Thus, this policy lends little support to a party whose responsibility it is to move a
15 case toward disposition on the merits but whose conduct impedes or completely prevents progress in
16 that direction.  *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).  In addition, management of this
17 Court's docket is of vital significance to the proper and timely resolution of matters before it.
18 Consequently, the Court finds dismissal of this action pursuant to Local Civil Rule 7.1(f)(3)(c)
19 serves to facilitate the management of its docket in light of the fact that multiple cases similar to the
20 one at bar are currently pending and poised in the same procedural posture.

## CONCLUSION

22 For the reasons set forth above, the Court **GRANTS** Defendants' unopposed motion and
23 **DISMISSES** this action without prejudice.  All pending motions, deadlines, and/or hearings are
24 hereby terminated.  The Clerk of Court is instructed to close the case file.

25 **IT IS SO ORDERED**.

26 DATED:  September 30, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge